989 F.2d 504
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Steve H. GIBSON, Plaintiff Appellant,
v.
A. L. LOCKHART, Director, Arkansas Department of Correction,
Defendant Appellee.
 No. 92-2277.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 12, 1993.
Filed: March 2, 1993.
 
 Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON and REAVLEY,* Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 The judgment of the district court, denying this Arkansas prisoner a writ of habeas corpus, is affirmed for the reasons adopted by the district court and stated in the proposed order of April 6, 1991 by the magistrate judge. We recapitulate:
 
 
 2
 1. There was no ineffectiveness of counsel, and Public Defender Settle's representation of co-defendant Humphrey created no conflict with his representation of petitioner Gibson. Had the two defendants not pleaded guilty, they would probably have been tried together whether defended by the same attorney or not. If tried separately, petitioner would have been tried first. The petitioner would not have enjoyed, in either event, the testimony of Humphrey for whatever help that testimony might have been. Petitioner pleaded guilty, voluntarily, to avoid a longer sentence and not because of any improper pressure or failure of his counsel.
 
 
 3
 2. Petitioner's guilty plea satisfied the Arkansas courts, and we see no constitutional flaw. He told the court that he was guilty and that the evidence would warrant a jury finding of his guilt. The factual basis of his guilt is clear.
 
 
 4
 3. Both the prosecutors and the defense attorney have testified that petitioner was not promised confinement in Oklahoma, his preferred location near family. The Arkansas trial court found that petitioner was fully aware that the matter was entirely in the hands of Oklahoma authorities. The Arkansas Supreme Court stated that the only mention of Oklahoma was in regard to concurrent running of sentences.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The HONORABLE THOMAS M. REAVLEY, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation